**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **LIMIT GARNISHMENT HEARING** |
| -vs- | ) | |
| | ) | |
| Larry J. Young, | ) | Criminal No. 1:07-MC-09/1:90-CR-08 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Government's "Motion to Limit Garnishment Hearing or, in the alternative, Motion to Quash Garnishment Hearing" filed on February 11, 2008.  See Docket No. 15.  The Government requests that the garnishment hearing be limited to the following issues:  (1) the probable validity of any exemptions claimed by the Defendant; and (2) compliance with statutory requirements for issuance of the writ of continuing garnishment granted in this case.  In the alternative, the Government requests that the Court quash the request for hearing and issue a disposition order pursuant to 28 U.S.C. § 3205(c)(7).

On January 25, 2008, a writ of continuing garnishment was issued and served on the defendant, Larry J. Young.  See Docket No. 7.  On February 8, 2008, Young objected to the garnishment and submitted a request for a hearing but failed to provide grounds for the objection or the reasons for the hearing.  See Docket No. 11.

Section 3205 of the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001, et seq., provides that the debtor in a garnishment action may request a hearing.  However, the issues considered in the hearing are limited by statute as follows:

By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. *** The issues at such hearing shall be limited–

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to–
>
> > (A) the probable validity of the claim for the debt which is merged in the judgment; and
> >
> > (B) the existence of good cause for setting aside such judgment.
>
> ***

28 U.S.C. § 3202(d).  See United States v. Tanya Marie Smith, 88 Fed. Appx. 981, 2004 WL 414822 (8th Cir. 2004) (citing 28 U..S.C. § 3202(d) and noting that issues at a garnishment hearing are "limited to determining validity of any claim of exemption, government's compliance with statutory requirements and validity of default judgment.").

In this case, the Government seeks to enforce a criminal judgment in which the Court ordered that the Defendant pay restitution.  The Government contends that Young's challenges to the garnishment should be limited to the following two issues set forth in 28 U.S.C. § 3202(d):

(1)  to the probable validity of any claim of exemption by the judgment debtor;[1]

(2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted.

---

[1]  The exemptions available to a criminal defendant are limited to those set out in 18 U.S.C. § 3613(a)(1). See 18 U.S.C. § 3613(a),(f).

See United States v. Furkin, 165 F.3d 33, 1998 WL 846873 at *4 (7th Cir. Oct. 29, 1998) (holding

that a "hearing under the FDCPA is limited to the determination of whether the property is subject

to a valid claim of exemption, whether the government complied with the statutory requirements for

the issuance of a writ, and, if the judgment was by default, whether there exists good cause for

setting aside the judgment."). Further, it is well-settled that the Defendant may not challenge the

validity of the underlying conviction or restitution obligation during a garnishment hearing. United

States v. Pugh, 75 Fed. Appx. 546, 2003 WL 22048360 (8th Cir. 2003); United States v. Taylor,

Criminal No. 2:99CR13, 2007 WL 87746, at *2 (W.D.N.C. Jan. 9, 2007).

The Court **GRANTS** the Government's motion to limit the garnishment hearing (Docket No.

15). The garnishment hearing shall be limited to the following issues:

1)  to the probable validity of any claim of exemption by the judgment debtor; and

2)  to compliance with any statutory requirement for the issuance of the post-

judgment remedy granted.

The Court **DENIES** the Government's motion to quash the garnishment hearing (Docket No. 15).

**IT IS SO ORDERED**.

Dated this 14th day of February, 2008.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court